IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| D.L. RICKS | * | |
|     Plaintiff | | |
|     v. | * | CIVIL ACTION NO. DKC-05-2597 |
| D.F. WALTEMEYER | * | |
| W.E. COLE | | |
|     Defendants. | * | |

*******

## **MEMORANDUM**

On May 30, 1995, Plaintiff filed a 42 U.S.C. § 1983 civil rights action seeking declaratory relief, compensatory damages, and the criminal prosecution of two Baltimore City Homicide detectives who allegedly provided false affidavits and testimony which led to Plaintiff's state court convictions for murder and related offenses. *See Ricks v. Waltemeyer, et al.*, Civil Action No. DKC-95-1597 (D. Md. 1995). The undersigned dismissed the complaint without prejudice on June 14, 1995, for the failure to exhaust state court remedies under *Hamlin v. Warren*, 664 F.2d 29 (4th Cir. 1981). The judgment was affirmed by the United States Court of Appeals for the Fourth Circuit on modified grounds. The Fourth Circuit concluded that Plaintiff's complaint for money damages and declaratory and injunctive relief could not go forward because it called into question the validity of Plaintiff's convictions and Plaintiff had failed to establish that his convictions had been rendered invalid.[1] *See Ricks v. Waltemeyer*, 86 F.3d 1152, 1996 WL 267309 (4th Cir. May, 21, 1996) (per curiam).

On or about September 14, 2005, the Clerk received for filing Plaintiff's request to "reactivate" *Ricks v. Waltemeyer, et al.*, Civil Action No. DKC-95-1597. The request, which is accompanied by

---

[1] The Fourth Circuit decision was founded on the Supreme Court opinion issued in *Heck v. Humphrey*, 512 U.S. 477 (1994).

a "Complaint," was construed as a new civil action and instituted as the above-captioned case. Paper No. 1. Plaintiff again attacks his convictions, arguing that the declarations and testimonial statements provided by defendants were false and contradictory. *Id.*. He seemingly claims that his collateral attacks on his convictions in the state court were finally litigated, but the findings of the state court were not fairly supported by the trial record and Maryland statute. *Id*. Plaintiff further complains that the Maryland courts have no intention of issuing a decision that "is precisely dispositive of his claim." *Id*.

The complaint shall be dismissed without prejudice. Again, Plaintiff's claims implicate the validity of his arrest and detention related to his convictions and he cannot, at present, illustrate that his conviction has been invalidated.[2] Therefore, his claims are not cognizable under § 1983. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *see also Young v. Nickols*, 413 F.3d 416, 418-19 (4th Cir. 2005). A separate Order shall follow dismissing the instant action.[3]

Date:   ___10/3/05_____          _____/s/_____
                                            DEBORAH K. CHASANOW
                                            United States District Judge

---

[2] The court observes that Plaintiff's 28 U.S.C. § 2254 attack on his state court convictions was dismissed with prejudice on November 17, 2003. *See Ricks v. Pequese, et al.*, Civil Action No. RDB-03-131 (D. Md. 2003) at Paper Nos. 38 & 39. The appeal was dismissed by the Fourth Circuit in 2004. *See Ricks v. Pequese,* 94 Fed.Appx. 989 (4th Cir. April 22, 2004)

[3] Plaintiff's ability to file future prisoner civil actions in forma pauperis is called into question by the fact that he has accumulated three "strikes" or dismissals of his prior prisoner civil actions pursuant to 28 U.S.C. § 1915(e). *See Ricks v. Thomas*, Civil Action No. DKC-97-228 (D. Md. 1997); *Ricks v. Sansor*, Civil Action No. DKC-97-335 (D. Md. 1997); and *Ricks v. Corcoran*, Civil Action No. DKC-97-3061 (D. Md. 1997). Any future prisoner civil action filed in forma pauperis would be evaluated under 28 U.S.C. § 1915(g), which precludes a three "strike" prisoner litigant, such as Plaintiff, from filing a prisoner civil action in forma pauperis unless he can show that he is in "imminent danger of serious physical injury."
  The court offers no opinion as to whether the subject matter of the instant civil action for damages would fall under an exception to § 1915(g).